UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED: SEPTEMBER 4, 2008
08CV5056
JUDGE GUZMAN
MAGISTRATE JUDGE MASON
YM

| | |
|---|---|
| **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: ) |
| **CORRIB ELECTRICAL CONTRACTORS, INC.,** and **DEREK NAUGHTON**, an individual, | ) Equitable and legal relief sought ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants, **CORRIB ELECTRICAL CONTRACTORS, INC.,** and **DEREK NAUGHTON**, an individual, from violating the provisions of sections 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*)(hereinafter the "Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

**II**

**A.** Defendant, **CORRIB ELECTRICAL CONTRACTORS, INC.,** was, at all times hereinafter mentioned, an Illinois corporation with an office and a place of business within Cook County at 6061 N. Lucerne, Chicago, Illinois 60646, within the jurisdiction of this Court, and, at all times hereinafter mentioned, was engaged in electrical contracting and in the

performance of related types of activities.

  **B.**  Defendant, **DEREK NAUGHTON**, an individual, was, at all times hereinafter mentioned, engaged in business within Cook County at 6061 N. Lucerne, Chicago, Illinois 60646, within the jurisdiction of this court, and at all times hereinafter mentioned, acted directly or indirectly in the interest of the corporate defendant, **CORRIB ELECTRICAL CONTRACTORS, INC.,** in relation to its employees.

### III

Defendant corporation was, at all times hereinafter mentioned, respectively engaged in related activities performed through unified operation or common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

### IV

Defendant corporation was, at all times hereinafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants have repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

VI

Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to employees and the regular rates at which they were employed.

VII

During the period since July 28, 2006, defendants have repeatedly violated the provisions of the Act as set forth above. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

A. For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the defendants, their officers, agents servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

B. For an Order:

1. pursuant to section 16(c) of the Act, finding defendants liable for unpaid overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

2. pursuant to section 17, enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of unpaid overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

C. For an Order awarding plaintiff the costs of this action; and

D. For an Order granting such other and further relief as may be necessary and appropriate.

                    Respectfully submitted,

                    **GREGORY F. JACOB**
                    Solicitor of Labor

                                          **JOAN E. GESTRIN**
                                          Regional Solicitor

P.O. ADDRESS:                      _s/ Linda J. Ringstad_____
                                          **LINDA J. RINGSTAD**

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844      Attorneys for **ELAINE L. CHAO**,
Chicago, Illinois 60604                 Secretary of Labor, United States
Telephone No.: 312/353-3668       Department of Labor, Plaintiff
ringstad.linda@dol.gov

**EXHIBIT A**

Gustavo Baca-Arias
Gustavo Hernandez Gama
Augstin Hernandez
Rodrigo Hernandez
Edwin Osorio